[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Petitions for Appointment of TemporaryReceiver and for Dissolution of Corporation
CT Page 7728
The plaintiff brings this complaint in two counts seeking the appointment of a receiver of The Connecticut Funeral Group, Inc. (Corporation); a dissolution of the Corporation; an accounting of the Corporations affairs; and an accounting of Diversified Individual Brokerage Corporation (Diversified).
From the testimony, the two exhibits and the pleadings the court has arrived at some minimal facts. However, the court was not given the certificate of incorporation.
Facts
The Corporation is a Connecticut common stock corporation which was incorporated October 5, 1993. It never issued any stock but the "shareholders" include at least plaintiff with at least 35% of the "shares" and Brian F. Barabee (Barabee) with not more than 35% of the shares. Plaintiff owns more than 10% of the common stock.
The Corporation is doing business.
The principal office of the Corporation is in Hartford County.
Law
Plaintiff claims on the first count are under C.G.S. § 33-383.
I First Count
The statute reads, in pertinent part, as follows:
 § 31-382 . . . (b) Without limiting the generality of its or his authority, the superior court for the judicial district where the principal office of a corporation is located, or any judge thereof, may wind up the business and affairs of such corporation on petition of the following persons in the following cases if in his discretion such remedy is under the circumstances necessary or CT Page 7729 desirable in the interests of the parties involved or the corporation: (1) In a proceeding by holders of shares having at least one-tenth of the voting power at such time for election of directors when it is established that: (i) The corporation has wilfully violated its certificate of incorporation or exceeded its powers; (ii) there has been fraud, collusion or gross mismanagement, in the conduct or control of such corporation; (iii) the corporation's assets are in danger of waste through attachment, litigation or otherwise; (iv) the corporation has abandoned it business and neglected to wind up its affairs and to distribute its assets within a reasonable; or (v) any good and sufficient reason exists for the winding up of such corporation.
The court has not found any facts which would allow winding up of the Corporation under § 31-382(b)(1)(i), (ii), (iii), (iv) or (v).
II Second Count
It is true that the court has the power to appoint a receiver under C.G.S. § 33-383 but the court cannot find sufficient cause to do so. id subjection (c).
The statute does not come into play until the court determines under C.G.S. § 33-382 that there is at least some possibility that a winding up of the corporation is going to be necessary.
The petition is denied as to both counts.
O'Neill, Judge